## Kentucky Nurseries Company v. Lehan, et al.

(Decided October 30, 1923.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Judicial Sales—Not Set Aside Because Court Directed Commissioner Not to Receive Bids from Bidder Failing to Carry Out Sale. —A judicial sale of real estate will not be set aside on the ground that the court, in adjudging a third sale, on the failure of purchasers at the first two sales to carry out their undertakings, directed the commissioner not to receive bids from them.

2. Appeal and Error—Finding of Chancellor Not Disturbed.—The finding of a chancellor will not be disturbed, where it is not against the weight of the evidence.

MORRIS & JONES, L. FRANK WITHERS and MARK BEAUCHAMP for appellant.

HUMPHREY, CRAWFORD & MIDDLETON, GEO. D. CALDWELL, E. J. COONEY and B. ELDER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Boone Gardiner is the manager and principal stockholder of the Kentucky Nurseries Company, a corporation. In 1912, the company purchased thirty-two (32) acres of land from one Drescher, agreeing to pay therefor the price of $12,000.00. As it had very little money it was necessary to borrow that amount to pay for the lands. Negotiations were entered into with Anna Helen Simon and husband for the purpose of obtaining the loan, with the result that the $12,000.00 was provided on condition the land should be conveyed to the Simons with an option to the nursery company to purchase the land within a

given time. The nursery company was put in possession and agreed to pay rents. It did not exercise its option to purchase the land within the time limited, but the Simons, in 1915, at the instance of the nursery company, conveyed the land to appellee Lehan, who paid the Simons something near $4,000.00 cash, and executed his note for the balance of the purchase price, $9,000.00, the nursery company retaining an option and right to purchase the lands from appellee Lehan within a named time. It did not exercise the option, nor did it keep its rents entirely paid. In July, 1919, Lehan instituted a forcible detainer proceeding against the nursery company to recover the possession of the 32 acres. While this proceeding was pending this action was instituted by the nursery company against Lehan to obtain an injunction, restraining him from the prosecution of the forcible detainer suit and from taking possession of the property. The petition set forth all the facts with respect to the purchase of the property, the option to purchase which the nursery company had, and averred that the deed which Lehan held for the land was in effect but a mortgage. It prayed the deed be adjudged a mortgage and that Lehan be enjoined from the prosecution of the forcible detainer proceedings.

Lehan filed an answer and cross petition in which he admitted he had only a lien upon the land for the security of his money and that the Kentucky Nursery Company was the equitable owner of the property; that his deed was merely a mortgage. The answer was made a cross petition against the Simons and averred them to be the holders of another lien upon the lands and called upon them to set up their claim; that the lands be adjudged subject to the two liens and be sold to pay the two debts. By reply the cross petitioners, Simons, set up their claim and lien against the land for $9,000.00 and joined in the prayer of the answer for a sale of the lands, and payment of the lien debts.

The case was referred to the master commissioner for the taking of proof upon the claims and adjustment of accounts. He filed a report showing the foregoing facts concerning the purchase of the lands and that on July 29, 1915, appellant Lehan advanced $3,979.20 in cash and executed five notes aggregating $9,000.00 to pay off the Simons' debt and relieve the nursery company of the obligation to Simons, so that the legal title passed to

appellant Lehan.  He found the following amounts due
as liens upon the property:

To Anna Helen Simon, note No. 1, dated July
    29th, 1915, $1,000.00, with interest from
    January 29, 1919, total ........................................... $1,111.90
Note No. 4, total ........................................................... 3,333.70
Note No. 5 ...................................................................... 3,335.70
Note No. 2, due Alfred J. Simon ............................... 1,111.90
Note No. 3, due Anna Helen Simon ........................... 1,111.90
To Dan Lehan on $3,000.00, with interest from
    July 29, 1915 ...................................................... 3,952.50
Another note with interest amounting to ................ 1,290.10
Another item of ........................................................... 54.52
Another item of ........................................................... 1,000.00
Another item of ........................................................... 50.00
                                                     _____

    Total ........................................................................$16,354.27

In arriving at these sums the commissioner heard
proof.  A part of the commissioner's report was con-
firmed, and there was a motion by appellant nursery com-
pany to set aside so much of the order confirming the
commissioner's report as did not sustain the exceptions
of plaintiff to the interest items therein.  There does not
seem to have been any other exceptions to the commis-
sioner's report.

The case being submitted to the court upon its merits,
it was adjudged that the title to the tract of land in con-
troversy was vested in the Kentucky Nursery Company,
subject, first, to the lien of Anna Helen Simon and Alfred
J. Simon; and, second, to the lien of appellee, Dan Lehan,
according to the amount reported by the commissioner.
The land was adjudged sold for the purpose of satisfying
the lien debts.  The commissioner advertised the land and
carried out the sale, at which one Gardiner, a brother of
Boone Gardiner, became the purchaser.  He failed to
consummate the purchase by the execution of the bonds
and the payment of the money required by the judgment.
A rule was issued against him to show cause why he did
not carry out his undertaking, and upon hearing the rule
was made absolute, the sale set aside and a resale or-
dered.  At the resale Mrs. Gardiner, wife of Boone Gar-
diner, became the purchaser, but she failed to carry out
the sale, and after some delay that sale was set aside

and a new one ordered. The court also directed that neither Gardiner nor anyone for him should be accepted as a bidder at the sale, and that constitutes one of the grounds for which appellant urges a reversal of the judgment. The conduct of the two Gardiners, whom it was charged were acting for the nursery company in bidding in the property at the sales, was such as to justify the chancellor in entering an order directing the commissioner not to accept them as bidders. We have held in the case of Wigginton v. Heehan, 25 Ky. Law Rep. 618, that a judicial sale of real estate will not be set aside on the ground that the court in adjudging a second sale on the failure of the purchaser at the first sale to pay a sale bond, directed the commissioner not to receive bids from such purchaser where nothing appeared to show an intention on his part to bid at the second sale, or that he could have paid for the property if it had been knocked off to him. The court has a right to protect itself against such bidders. If it did not it would be at the mercy of such persons and the possession of the property could be held indefinitely by the judgment debtor.

The only other complaint on which appellant nursery company relies is, that the commissioner ignored a settlement made between it and appellee Lehan by which the total indebtedness of the nursery company was fixed at $13,129.20. This claim is based upon a tabulation of accounts found on a yellow sheet of paper which it is claimed by the nursery company Lehan made, showing the various items which constituted the total indebtedness. There is evidence, however, tending to show that this paper, even if in the handwriting of Lehan, had been tampered with and some of the figures changed. The commissioner did not regard the evidence of settlement sufficient to warrant a reliance upon the figures it contained, and therefore rejected it. The court concurred in this view, and we think the evidence sufficiently sustains that finding. At any rate we will not disturb the finding of the chancellor where it is not against the weight of the evidence.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.